UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC., <br><br> Plaintiff, <br><br> -against- <br><br> COUNTY TRUST MORTGAGE BANKERS CORP., <br><br> Defendant. | Case No.: 07 Civ. 3700 (SAS) <br><br> ECF Case <br><br> **AFFIDAVIT OF JEREMY M. SHER IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT** |

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

Jeremy M. Sher, being duly sworn, states as follows:

1. I am a member of the Bar of this Court and am associated with Miller & Wrubel P.C., counsel to plaintiff UBS Real Estate Securities Inc. ("UBS"). I am familiar with the facts and circumstances in this action.

2. I submit this affidavit in support of UBS' application for a default judgment as to liability against defendant County Trust Mortgage Bankers Corp. ("County Trust"), and an inquest to determine damages held on or after October 17, 2007. A proposed form of default judgment is attached as Exhibit A hereto.

### Nature of the Claim and Statement of Jurisdiction

3. For a description of the nature of UBS' claim against County Trust and statements of the Court's subject matter jurisdiction over the action and personal jurisdiction over County Trust, UBS respectfully refers the Court to the Complaint, a copy of which is attached as Exhibit B hereto.

### County Trust's Default

4. UBS commenced this action by filing the Summons and Complaint on May 10, 2007. UBS served a copy of the Summons and Complaint on defendant on May 14, 2007, by personal service on Hector Chomat ("Chomat"), President of County Trust. UBS filed proof of service on May 17, 2007.

5. County Trust's time to answer or otherwise move in response to the Complaint expired on June 4, 2007.

6. By Order dated June 15, 2007, the Court directed UBS and County Trust to attend a pretrial conference.

7. By letter dated June 20, 2007, UBS informed the Court that County Trust had not answered the Complaint or otherwise appeared and that UBS would seek a default judgment.

8. By Order dated June 21, 2007, the Court directed UBS to move for a default judgment by July 16, 2007.

9. UBS served the Court's June 21, 2007 Order on County Trust by mail and e-mail on June 22, 2007.

10. The Orders and Judgments Clerk entered County Trust's default on July 9, 2007. The original Certificate of Default is attached as Exhibit C hereto.

11. On July 11, 2007, UBS' counsel received a copy of the Court's facsimile to Chomat. The Court stated that it rejected an ex parte facsimile from Chomat because County Trust could only appear in the action by counsel, and that County Trust would be subject to default if it did not appear by counsel by July 16, 2007.

12. On July 13, 2007, County Trust, by its attorney Jorge Rodriguez-Chomat ("Rodriguez-Chomat"), served documents entitled "Verified Motion for Court

Order Authorizing the Undersigned Attorney to Practice before the Court in This Particular Case," "Motion to Dismiss," and "Answer and Affirmative Defenses" (collectively, the "Motions and Answer") on UBS' counsel and mailed courtesy copies of the Motions and Answer to the Court. Rodriguez-Chomat is not admitted to the Bar of the Southern District of New York. County Trust did not electronically file the Motions and Answer.

13. Rodriguez-Chomat also copied UBS' counsel on a letter requesting that, should the Court deny Rodriguez-Chomat's application for pro hac vice admission, the Court give County Trust an additional 30 days to retain "New York City based attorneys."

14. Rodriguez-Chomat did not send a letter to UBS' counsel before serving the Motion to Dismiss or contact UBS' counsel before applying for pro hac vice admission.

**UBS Requests a Default Judgment as to
Liability and an Inquest to Determine Damages**

15. UBS seeks damages for County Trust's breach of its contractual obligation to repurchase certain delinquent mortgage loans (the "Early Payment Default Loans"), and indemnification for attorneys' fees, costs, and expenses, all as provided in the parties' contract as described in the Complaint.

16. County Trust has not paid UBS any part of the repurchase price of the Early Payment Default Loans and has not indemnified UBS in any amount for its attorneys' fees, costs, and expenses.

17. Given County Trust's failure to repurchase the Early Payment Default Loans as agreed, UBS requires approximately ninety days to realize its damages,

by selling the Early Payment Default Loans and/or foreclosing upon the mortgaged properties securing those Early Payment Default Loans.

18. UBS will have documentary proof of its damages no later than October 17, 2007, by which time it will submit such proof to the Court.

19. UBS consents to appear before a Magistrate Judge for the inquest to determine damages.

WHEREFORE, plaintiff respectfully requests that the Court grant a default judgment against County Trust as to liability and order an inquest for the determination of UBS' damages on or after October 17, 2007.

/s/ JEREMY M. SHER

Sworn to before me this
16th day of July, 2007

_____
NOTARY PUBLIC

LAUREN T. PIECHOCKI
Notary Public, State of New York
No. 01PI6157562
Qualified in New York County
Commission expires Dec. 11, 2010

4

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the annexed AFFIDAVIT OF JEREMY M. SHER IN SUPPORT OF APPLICATION FOR DEFAULT JUDGMENT was served on July 16, 2007, by e-mail and first class mail upon:

> County Trust Mortgage Bankers Corp.
> c/o Hector Chomat
> 11430 N. Kendall Drive, Suite 300
> Miami, FL 33176
> (hchomat@countytrust.com)

_____
Jeremy M. Sher