Joel M. Miller
Charles R. Jacob III
Jeremy M. Sher
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

Attorneys for Plaintiff
UBS Real Estate Securities Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>-against-<br><br>COUNTY TRUST MORTGAGE BANKERS CORP.,<br><br>　　　　　　　　　　Defendant. | Case No.: 07 Civ. 3700 (SAS)<br><br>ECF Case<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION <u>FOR DEFAULT JUDGMENT</u>** |

　　　　Plaintiff UBS Real Estate Securities Inc. ("UBS") submits this memorandum of law in support of its application for a default judgment against defendant County Trust Mortgage Bankers Corp. ("County Trust").

　　　　County Trust has failed to appear in this action despite having had over two months to do so. County Trust's July 13, 2007 submissions to this Court are not filed by an attorney admitted to practice before this Court and do not constitute an appearance. The Court should enter a default judgment against County Trust.

### Statement of Facts

　　　　The relevant facts are set forth in the affidavit of Jeremy M. Sher, dated July 16, 2007 ("Sher Aff.").

UBS personally served the Summons and Complaint on County Trust's President, Hector Chomat ("Chomat"), on May 14, 2007. (Sher Aff. ¶ 4.) UBS filed proof of service with the Court on May 17, 2007. (Id.) County Trust's time to answer or move in response to the Complaint expired on June 4, 2007. (Id. ¶ 5.)

By Order dated June 15, 2007, the Court directed the parties to attend a pretrial conference. (Id. ¶ 6.) On June 20, 2007, UBS informed the Court by letter that County Trust had failed to answer or otherwise appear in this action. (Id. ¶ 7.) By Order dated June 21, 2007, the Court directed UBS to move for a default judgment no later than July 16, 2007. (Id. ¶ 8.) On June 22, 2007, UBS served the Court's Order on County Trust by mail and e-mail. (Id. ¶ 9.)

On July 9, 2007, the Orders and Judgments Clerk entered County Trust's default. (Id. ¶ 10.)

On July 11, 2007, the Court copied UBS on a facsimile sent in response to an ex parte facsimile from Chomat. (Id. ¶ 11.) The Court stated that Chomat's communication to the Court did not constitute an appearance because County Trust could only appear by counsel, and that County Trust would be subject to default if it did not appear by counsel by July 16, 2007. (Id.)

On July 13, 2007, Jorge Rodriguez-Chomat ("Rodriguez-Chomat") served documents entitled "Verified Motion for Court Order Authorizing the Undersigned Attorney to Practice Before the Court in this Particular Case" (the "Pro Hac Vice Application"), "Motion to Dismiss," and "Answer and Affirmative Defenses" (collectively, the "Motions and Answer") on UBS' counsel by facsimile and mail. (Id. ¶ 12.) Rodriguez-Chomat is not admitted to the Bar of the Southern District of New York. (Id.)

Rodriguez-Chomat also copied UBS' counsel on a letter requesting that the Court deem the Motions and Answer a valid appearance in this action and grant the Pro Hac Vice Application, or give County Trust an additional 30 days to retain "New York City based attorneys." (Id. ¶ 13.)

Rodriguez-Chomat did not contact UBS' counsel regarding his Motion to Dismiss or his Pro Hac Vice Application before serving these papers on UBS. (Id. ¶ 14.)

## ARGUMENT

### I.

### COUNTY TRUST IS IN DEFAULT

Rodriguez-Chomat cannot enter an appearance for County Trust because he is not admitted to the Bar of this Court. See Local Civil Rule 1.3(c) of the Southern District of New York ("Only an attorney who has been [admitted pro hac vice] or who is a member of the bar of this court may enter appearances for parties . . . ."). Since Rodriguez-Chomat is not admitted to practice before this Court, the Motions and Answer he signed are invalid and do not constitute an appearance.

Rodriguez-Chomat's Pro Hac Vice Application is similarly invalid because Rodriguez-Chomat cannot apply for pro hac vice status on his own behalf. See Erbacci, Cerone & Moriarty, Ltd. v. United States, 923 F. Supp. 482, 486 (S.D.N.Y. 1996).

The Court should reject the Motions and Answer as it rejected the ex parte facsimile from Chomat. County Trust has not appeared in this action by an attorney admitted to practice before this Court and thus remains in default.

## II.

### THE COURT SHOULD DENY COUNTY TRUST'S REQUEST FOR ADDITIONAL TIME TO ENTER AN APPEARANCE

The Court should grant UBS' application for a default judgment and deny County Trust's request for 30 additional days to appear in this action. County Trust only attempts to stall the entry of judgment against it.

County Trust did not attempt to appear in this action until Chomat sent an ex parte facsimile to the Court over a month after County Trust's time to respond to the Complaint expired. County Trust then attempted to appear via a non-admitted attorney one business day before UBS' deadline to apply for a default judgment.

County Trust should not receive additional time to enter an appearance when its only attempts to appear in this action have been manifestly invalid. Aside from violating Local Civil Rule 1.3(c), the Motions and Answer reveal no effort to comply with applicable Local and Individual Rules. County Trust did not electronically file the Motions and Answer, failed to include notices of motion, and did not follow the Court's Individual Rules concerning motions to dismiss and pro hac vice applications.

### CONCLUSION

For the foregoing reasons, UBS respectfully requests that the Court enter a default judgment against County Trust.

Dated: New York, New York
       July 16, 2007

                                                MILLER & WRUBEL P.C.

By: _____
     Joel M. Miller
     Charles R. Jacob
     Jeremy M. Sher
     250 Park Avenue
     New York, New York 10177-0699
     Telephone: (212) 336-3500
     Facsimile: (212) 336-3555

     Attorneys for Plaintiff
     UBS Real Estate Securities Inc.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the annexed MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT was served on July 16, 2007, by e-mail and first class mail upon:

> County Trust Mortgage Bankers Corp.
> c/o Hector Chomat
> 11430 N. Kendall Drive, Suite 300
> Miami, FL 33176
> (hchomat@countytrust.com)

_____
Jeremy M. Sher