60654: 00021899

Jay B. Itkowitz (JBI-5349)
Itkowitz & Harwood
305 Broadway, 7th Floor
New York, New York 10007
(646) 822-1801
Facsimile (212) 822-1402

*Attorneys for Defendant/Plaintiff-in-Counterclaim*
*County Trust Mortgage Bankers Corp.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UBS REAL ESTATE SECURITIES, INC.,

                        Plaintiff,

     -against-

COUNTY TRUST MORTGAGE BANKERS
CORP.,

                        Defendant,
------------------------------------------------------------------x

Case No. 07-CV-3700 (SAS)

**ANSWER WITH**
**COUNTERCLAIM**

        Defendant, COUNTY TRUST MORTGAGE BANKERS CORP. ("County Trust"), by its attorneys, Itkowitz & Harwood, as and for its Answer to the Complaint of Plaintiff, UBS REAL ESTATE SECURITIES, INC. ("UBS"), respectfully alleges as follows:

        1.     Denies knowledge or information sufficient to form a belief as to the allegations of paragraphs "1", "12", "21", "22", and "23" of the Complaint.

        2.     Denies the allegations of paragraphs "4", "5", "10", "13", "16", "17", "18", "20", "25", and "28" of the Complaint.

        3.     Admits the allegations of paragraphs "2"and "24" of the Complaint.

1

4. With respect to paragraph "3" of the Complaint, admits that the amount in controversy is in excess of $75,000.00 and that County Trust is a citizen of Florida; otherwise denies information or knowledge regarding the citizenship of UBS, including whether UBS is a citizen of a different state than County Trust, and thus, whether there is diversity of citizenship.

5. With respect to paragraph "6", County Trust admits that it entered into a Master Mortgage Loan Sale Agreement with UBS; however, because UBS has not attached a copy of the "Purchase Agreement" to which it refers in the Complaint, County Trust does not know what "Purchase Agreement" UBS is referring to and is unable to admit or deny the allegations of paragraph "6" of its Complaint.

6. With respect to paragraph "7", UBS has not attached a copy of the "Purchase Agreement" to which it refers in the Complaint, and thus, County Trust is unable to admit or deny the allegations in paragraph "7"; in further responding, County Trust states that the language of the parties' agreement, should it exist, speaks for itself.

7. With respect to paragraph "8", UBS has not attached a copy of the "Purchase Agreement" to which it refers in the Complaint, and thus, County Trust is unable to admit or deny the allegations in paragraph "8"; in further responding, County Trust states that the language of the parties' agreement, should it exist, speaks for itself.

8. With respect to paragraph "9", UBS has not attached a copy of the "Purchase Agreement" to which it refers in the Complaint, and thus, County Trust is unable to admit or deny the allegations in paragraph "9"; in further responding, County Trust states that the language of the parties' agreement, should it exist, speaks for itself; also, paragraph "9" of the Complaint asserts a legal conclusion for which no response is necessary.

9. Denies the allegations in paragraph "11" of the Complaint, and in further responding, UBS has failed to attach copies of the written "notices" and exercise of option claimed by UBS, and calls upon UBS to prove same.

10. With respect to paragraph "14", County Trust admits that it has not repurchased the Early Payment Default Loans listed on Exhibit "A" of the Complaint, but denies that it is in breach of any obligations it may have under any purchase agreement with UBS.

11. With respect to paragraph "27", County Trust denies that the Mortgage Default Loans listed on Exhibit "A" of the Complaint are in breach of any representations and/or warranties that County Trust made under any purchase agreement with UBS.

12. Paragraphs "15", "19", and "26" merely repeat and re-allege prior allegations in the Complaint for which Defendant similarly repeats and re-alleges its prior responses thereto.

### FIRST AFFIRMATIVE DEFENSE

13. UBS has failed to state a claim for which relief can be granted as to each of the Defendants.

### SECOND AFFIRMATIVE DEFENSE

14. The Complaint should be dismissed because personal jurisdiction over County Trust is lacking.

### THIRD AFFIRMATIVE DEFENSE

15. The Complaint should be dismissed for improper venue. The proper venue is Miami, Florida, where County Trust resides and does business, where UBS also does business, and where all transactions between the parties took place. Each of the nine (9) Early Payment Default Loans referenced in Exhibit "A" of the Complaint are Florida loans for which non-party depositions and discovery will be necessary in Florida.

## FOURTH AFFIRMATIVE DEFENSE

16. The Complaint should be dismissed and/or transferred based upon the doctrine of *forum non conveniens*. The proper venue is Miami, Florida, where County Trust resides and does business, where UBS also does business, and where all transactions between the parties took place. Each of the nine (9) Early Payment Default Loans referenced in Exhibit "A" of the Complaint are Florida loans for which non-party depositions and discovery will be necessary in Florida. Thus, the appropriate forum to resolve this matter is Miami, Florida.

## FIFTH AFFIRMATIVE DEFENSE

17. The nine loans referenced in Exhibit "A" of the Complaint are not Early Payment Default Loans. Thus, the Complaint must be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

18. UBS itself violated the terms of a Master Mortgage Loan Sale Agreement with County Trust, and thus, its claim is barred.

## SEVENTH AFFIRMATIVE DEFENSE

19. UBS itself violated the covenant of good faith and fair dealing applicable to all contracts, including a Master Mortgage Loan Sale Agreement with County Trust, and thus, its claim is barred.

## EIGHTH AFFIRMATIVE DEFENSE

20. UBS failed to properly and timely exercise its option for County Trust's repurchase of loans under the terms of a Master Mortgage Loan Sale Agreement with County Trust, and thus, its claim is barred, including for failure to fulfill a condition precedent.

## NINTH AFFIRMATIVE DEFENSE

21. UBS's claims are precluded under the doctrine of waiver and estoppel.

### TENTH AFFIRMATIVE DEFENSE

22. The Complaint is barred and should be dismissed under the doctrine of the election of remedies.

### ELEVENTH AFFIRMATIVE DEFENSE

23. The various "agreements" and "notices" alleged by UBS are not attached to the Complaint and are nowhere sufficiently described in the Complaint, and thus, the respective and corresponding claims must be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

24. UBS has failed to mitigate its losses.

### THIRTEENTH AFFIRMATIVE DEFENSE

25. Any judgment awarded UBS must be reduced by the amount that UBS would have received had it properly mitigated its losses.

### ALTERNATIVELY, AS AND FOR A COUNTERCLAIM, AND WITHOUT A WAIVER OF AFFIRMATIVE DEFENSES:

Without waiving any of the above affirmative defenses, including those seeking dismissal of the case, County Trust asserts as its Counterclaim against UBS the following:

26. County Trust repeats and re-alleges paragraphs "1" through "25", above, as if fully set forth herein.

27. County Trust, a corporation in the business of originating and selling mortgages, which entered into a Master Mortgage Loan Sale Agreement with UBS on or about February 4, 2005 (*see* paragraph "5", above), also entered into a volume incentive agreement with UBS on or about this same time ("the Volume Incentive Agreement"), whereby UBS agreed to pay County Trust an incentive for the dollar amount of loans booked with UBS.

28. UBS thereafter breached the Volume Incentive Agreement by failing to pay County Trust an agreed upon incentive, in the amount of $145,000.00, for the dollar amount of loans booked with UBS.

29. County Trust fully performed all its obligations under and elating to the Volume Incentive Agreement.

30. As a result of UBS's breach of the Volume Incentive Agreement, County Trust has been damaged in the amount of $145,000.00.

31. Accordingly, the Court should enter a money judgment in favor of County Trust and against UBS in the amount of $145,000.00, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment, and allowable attorney's fees.

WHEREFORE, Defendant demands judgment, as follows:

1) Dismissing the Complaint in its entirety and awarding County Trust costs and allowable attorney's fees for the defense of this action;

2) Granting a money judgment in favor of County Trust and against UBS in the amount of $145,000.00, plus interest at the statutory rate of 9% from the date(s) of breach until the date of judgment, plus allowable attorney's fees, on County Trust's Counterclaim; and

3) Granting County Trust such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 20, 2007

                             ITKOWITZ & HARWOOD
                             Attorneys for Defendant
           By: _____
                             Jay B. Itkowitz (JBI- 5349)
                             305 Broadway, 7th Floor
                             New York, New York 10007
                             (646)   822-1801

To: MILLER & WRUBEL, P.C.
Attorneys for Plaintiff
Joel M. Miller
Charles R. Jacob, III
Jeremy M. Sher
250 Park Avenue
New York, New York 10177
(212) 336-3500

60654 00021905

CASE NUMBER:   07-CV-3700 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
UBS REAL ESTATE SECURITIES, INC.,

    Plaintiff,

  -against-

COUNTY TRUST MORTGAGE BANKERS CORP.,

    Defendant.
------------------------------------------------------------------------------X

### ANSWER WITH COUNTERCLAIM

# ITKOWITZ & HARWOOD
Attorneys for Defendant
County Trust Mortgage Bankers Corp.,
Office and Post Office Address
305 Broadway
Seventh Floor
New York, New York 10007
(212) 822-1400