Joel M. Miller (JM-2018)
Charles R. Jacob III (CJ-4143)
Jeremy M. Sher (JS-1422)
250 Park Avenue
New York, New York 10177
(212) 336-3500

*Attorneys for Plaintiff*
*UBS Real Estate Securities Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC., | Case No.: 07 Civ. 3700 (SAS) |
| | ECF Case |
| Plaintiff, | **REPLY TO COUNTERCLAIM** |
| -against- | |
| COUNTY TRUST MORTGAGE BANKERS CORP., | |
| Defendant. | |

    Plaintiff UBS Real Estate Securities Inc. ("UBS"), by its attorneys Miller & Wrubel P.C., as and for its Reply to the Counterclaim of defendant Country Trust Mortgage Bankers Corp. ("County Trust"), hereby:

    1.  By way of response to paragraph 26 of the Counterclaim, denies the allegations repeated and realleged to the extent such allegations are inconsistent with UBS' allegations as set forth in the Complaint.

    2.  Denies the allegations of paragraph 27 of the Counterclaim, except admits that UBS and County Trust entered into a Master Mortgage Loan Sale Agreement, dated as of January 30, 2005 (the "Purchase Agreement"), as set forth in the Complaint, and that, from time to time thereafter, UBS granted rebates to County Trust if UBS'

purchases of loans from County Trust exceeded certain monthly amounts. UBS further avers that any arrangement for UBS to grant rebates to County Trust was temporary and discretionary on UBS' part, and ceased in the event that County Trust failed to perform its obligations under the Purchase Agreement.

       3.      Denies the allegations of paragraphs 28 through 31 of the Counterclaim.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

       4.      The Counterclaim fails to state a cause of action on which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

       5.      The Counterclaim is barred because County Trust failed to perform its obligations under the Purchase Agreement, as set forth in the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

       6.      The Counterclaim is barred because the rebates UBS provided to County Trust were in the nature of a temporary accommodation granted to County Trust in UBS' discretion, and not contractually required.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

       7.      The Counterclaim is barred by reason of UBS' common law right of offset and the fact that, as set forth in the Complaint, UBS has claims against County Trust that far exceed any claims of County Trust against UBS.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

       8.      The Counterclaim is barred under the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

       9.      The Counterclaim is barred under the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10. The Counterclaim is barred by the lack of any consideration for the "Volume Incentive Agreement" alleged in the Counterclaim.

WHEREFORE, UBS demands judgment in its favor and against County Trust as follows:

(i) Dismissing the Counterclaim with prejudice;

(ii) awarding UBS as against County Trust the amount of UBS' attorneys' fees and related costs and expenses arising from County Trust's breach of its contractual obligations as set forth herein; and

(iii) granting such other and further relief as this Court may deem just and proper in the circumstances.

Dated: October 25, 2007

                      MILLER & WRUBEL P.C.


                By:   s/ Joel M. Miller
                    Joel M. Miller (JM-2018)
                    Charles R. Jacob III (CJ-4143)
                    Jeremy M. Sher (JS-1422)
                    250 Park Avenue
                    New York, New York 10177
                    (212) 336-3500

                    Attorneys for Plaintiff
                    UBS Real Estate Securities Inc.