UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/26/07

UBS REAL ESTATE SECURITIES INC.,

                        Plaintiff,

  -against-

COUNTY TRUST MORTGAGE BANKERS CORP.,

                     Defendant.

Case No.: 07 Civ. 3700 (SAS)

ECF Case

**STIPULATED**
**CONFIDENTIALITY ORDER**

      WHEREAS discovery in this action (the "Action") is expected to entail the production by the parties of highly sensitive, confidential, and non-public information, including non-public borrower information subject to protection from disclosure under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802;

      WHEREAS the public disclosure of such confidential information may violate law, substantially injure the party producing such information and substantially impair the conduct of its business;

      WHEREAS the parties have compelling interests in preventing the public disclosure of such confidential information, which interests outweigh any public interest in obtaining information exchanged by the parties in this case; and

      WHEREAS the entry of this Stipulated Confidentiality Order is a necessary condition to the parties' proceeding with discovery of such confidential information in this action;

      IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned attorneys for the parties to this action (the "Parties"), AND HEREBY ORDERED that:

1. This Stipulated Confidentiality Order (the "Confidentiality Order") shall govern the designation and handling of documents, electronic data and information, including deposition testimony, responses to interrogatories and other materials produced or provided by the Parties or any non-party (the "Producing Party") in discovery in this case.

2. As used herein, "Confidential Information" shall include any discovery materials designated by counsel for a Producing Party as "Confidential." Counsel for a Producing Party shall designate as "Confidential" only materials that counsel believe in good faith contain confidential or proprietary information.

3. The Confidentiality Order does not prevent a producing party from redacting from any document non-public borrower information, including social security, bank account, or credit card numbers, subject to protection from disclosure under the Gramm-Leach-Bliley Act.

4. Except with prior consent of the Producing Party or upon prior order of a court of competent jurisdiction, Confidential Information may be disclosed only to the following categories of persons:

    a. Outside or in-house counsel for the Parties and employees of such counsel necessary to assist such counsel with respect to the Action;

    b. Current or former officers, directors, partners, principals, or employees of the Parties who may be necessary to assist the Parties' counsel in connection with the Action;

    c. Nonparty experts or consultants retained in good faith to assist counsel with respect to the Action; only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action; provided that such expert or consultant is using said information solely in connection with

    this Action; and further provided that such expert or consultant signs an undertaking substantially in the form attached hereto as Exhibit A, agreeing in writing to be bound by the terms and conditions of this Confidentiality Order and consenting to the jurisdiction of this Court for purposes of enforcement of the terms of this Confidentiality Order. Counsel for the Party showing Confidential Information to any person required to execute an undertaking pursuant to this Confidentiality Order shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof;

  d. Witnesses or deponents in this Action and their counsel during the course of depositions or testimony in this Action or in preparation for depositions or testimony in this Action; provided that counsel believes in good faith that such disclosure is necessary to the prosecution or defense of the Action; and further provided that such persons are first provided with a copy of this Confidentiality Order and informed that the Court may be requested to impose sanctions for any use of Confidential Information other than as provided in this Confidentiality Order;

  e. Court reporters, stenographers, or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed; and

  f. The Court and any other person designated by the Court, upon such terms as the Court may deem proper.

  5. A Producing Party may designate information as Confidential Information by marking or stamping documents (or the first page of a multi-page document provided that the document is securely bound), other information, or electronic media as "Confidential." A

Producing Party may also designate electronic media as "Confidential" by informing recipients in writing of such designation. The recipients shall treat print-outs of any computer data from electronic media designated as "Confidential" as Confidential Information in accordance with the terms of this Confidentiality Order.

6. Failure to designate materials as Confidential Information at the time of their production may be remedied if the Producing Party provides both (a) supplemental written notice, and (b) replacement copies of the confidential materials marked in accordance with this Paragraph. Upon receiving such supplemental notice and replacement copies, as applicable, the receiving Party shall thereafter treat the designated materials in accordance with the terms of this Confidentiality Order.

7. The Producing Party may, on the record of a deposition, or within ten (10) business days after receipt of each volume of the transcript of such deposition, designate any portion or portions of such transcript, including exhibits, as Confidential Information under the terms of this Confidentiality Order. Until such time period expires, the entire volume of deposition transcript shall be treated as Confidential Information unless otherwise specified in writing or on the record of the deposition. All copies of deposition transcripts that contain information or material designated as Confidential Information shall be prominently marked "Contains Confidential Information" on the cover thereof.

8. All non-public borrower information subject to protection under Gramm-Leach-Bliley, if produced by a party without designation as Confidential Information or by a non-party, shall be treated as Confidential Information.

9. If a Party objects to a Producing Party's designation of any discovery material as Confidential Information or seeks to use such materials other than as permitted by this Protective Order, the objecting Party shall so state by letter to counsel for the Producing Party. The

4

Producing Party and the objecting Party shall promptly confer, in good faith, to resolve any dispute concerning the designation and treatment of such information pursuant to the terms of this Protective Order. In the event the Parties are unable to resolve any dispute concerning treatment of information as Confidential Information the objecting Party may, upon motion made to the Court on notice to all Parties to this Protective Order, seek an order from the Court directing that such information shall not be treated as Confidential Information pursuant to this Protective Order. The Producing Party shall bear the burden to demonstrate that the designation of such discovery material as Confidential Information is proper under the terms of this Order. Pending determination of such motion, any information previously designated as Confidential Information shall continue to be treated in accordance with its original designation.

   10.   In the event that a Party intends to file Confidential Information with the Court or disclose Confidential Information in Court, any such filing or disclosure of Confidential Information in Court shall be made under seal.

   11.   A Producing Party's grant of consent to the disclosure of Confidential Information to witnesses, deponents or other third persons or the filing or disclosure of Confidential Information in Court shall not constitute a waiver or withdrawal of the Producing Party's designation of such material as Confidential Information, and shall not relieve the Parties of their obligations to continue to handle such information in accordance with the terms of this Confidentiality Order.

   12.   Sealed records which have been filed with the Clerk of the Court shall be removed by the Party submitting them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this paragraph shall be notified by the

Clerk that, should they fail to remove the sealed records within thirty (30) days, the Clerk may dispose of them.

13. This Confidentiality Order shall have no effect on the admissibility or discoverability of any Confidential Information. By signing this Confidentiality Order, the Parties do not agree that the information designated by any Producing Party as Confidential Information is, in fact, confidential.

14. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a Producing Party to seek relief for inadvertent disclosure of material protected by privilege or work product protection.

15. The Parties intend that this Confidentiality Order bar production of Confidential Information to third parties to the maximum extent permitted by law.

16. Should a Party or its counsel be served with a subpoena or other notice seeking production of Confidential Information that it obtained pursuant to this Confidentiality Order, the Party upon whom such subpoena or other notice is served shall give notice to the Producing Party, promptly and in writing, and sufficiently in advance of the requested production date to allow the Producing Party to object to the requested production. No Confidential Information may be disclosed pursuant to such request unless and until either (i) a court overrules the Producing Party's objection to the requested production; or (ii) the Producing Party notifies the Party on whom such subpoena or other notice is served in writing that the Producing Party will not object to the requested production.

17. This Confidentiality Order has no effect upon, and its scope shall not extend to, a Party's use of its own Confidential Information for any purpose.

18. Nothing herein shall prevent or prejudice a Producing Party from seeking additional or greater protection with respect to the use or disclosure of Confidential Information in connection with any hearing or other proceeding in the Action or otherwise.

19. After the final resolution of each Party's involvement as a Party in the Action, through either judgment and appeals (if applicable) or settlement, the Party shall, upon written request made within sixty (60) days of such final resolution, destroy all copies of any Confidential Information that has been produced to the Party by another Party hereto, and (2) provide to the Producing Party written certification of compliance with this paragraph. Notwithstanding the foregoing, outside counsel for a Party may retain for their records, subject to the remaining provisions of the Confidentiality Order, copies of deposition or court transcripts and all documents filed with the Court regardless of whether such documents contain Confidential Information.

20. The Parties agree to be bound by the terms of this Confidentiality Order upon execution and pending its entry by the Court. Without regard to whether the Court enters such an Order, any violation of the terms of this Confidentiality Order shall be subject to the same sanctions and penalties as if this Confidentiality Order had been entered by the Court.

21. The Parties stipulate and agree that damages are an inadequate remedy for any breach of this Confidentiality Order and that this Confidentiality Order may be enforced by injunction or specific performance, as appropriate.

22. The provisions of this Confidentiality Order shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action.

23. This Confidentiality Order may be executed in counterparts.

Dated: November 21, 2007

By: ___/s/ Jeremy Sher/___
Joel M. Miller
Charles R. Jacob III
Jeremy M. Sher
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

*Attorneys for Plaintiff*
*UBS Real Estate Securities Inc.*

By: _____
Jay B. Itkowitz
Donald A. Harwood
ITKOWITZ & HARWOOD
305 Broadway, 7th Floor
New York, New York 10007
(646) 822-1801

*Attorneys for Defendant*
*County Trust Mortgage Bankers Corp.*

SO ORDERED:

_____
U.S.D.J.

Dated: November 21, 2007

## EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED CONFIDENTIALITY ORDER

I hereby certify that I have read the Stipulated Confidentiality Order in the matter action entitled UBS Real Estate Securities Inc. v. County Trust Mortgage Bankers Corp. (S.D.N.Y. Case No. 07 Civ. 3700 (SAS)), and that I understand its terms. I agree to be fully bound by the Stipulated Confidentiality Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcement of the Stipulated Confidentiality Order. I understand that violation of the Stipulated Confidentiality Order is punishable by contempt of court.

Dated: _____

Signature: _____

Printed Name: _____

Title & Company: _____