MILLER & WRUBEL P.C.
ATTORNEYS
250 PARK AVENUE
NEW YORK, NEW YORK 10177-0699
(212) 336-3500

WRITER'S DIRECT NUMBER
(212) 336-3510
E-mail
jsher@mw-law.com

FACSIMILE
(212) 336-3555

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/29/08

RECEIVED
CHAMBERS OF
FEB 2 2 2008
JUDGE SCHEINDLIN

February 22, 2008

**BY FACSIMILE (212-805-7920)**

Hon. Shira A. Scheindlin
United States District Court
500 Pearl Street, Room 1620
New York, New York 10007

      Re:   *UBS Real Estate Securities Inc. v. County Trust Mortgage Bankers Corp. (07 Civ. 3700 (SAS))*

Dear Judge Scheindlin:

      We represent plaintiff UBS Real Estate Securities Inc. ("UBS"). We write to inform the Court that Hector Chomat ("Chomat"), President of defendant County Trust Mortgage Bankers Corp. ("County Trust"), failed to appear for a deposition noticed by UBS, and to request that the Court preclude County Trust from producing additional evidence to support its counterclaim against UBS or oppose UBS's defenses to this counterclaim.

[handwritten annotation: Δ's fees failed to show for dep.]

      This action concerns County Trust's sale of mortgage loans to UBS, and County Trust's breach of its obligation to repurchase certain of these mortgage loans (the "Early Payment Default Loans") from UBS, pursuant to the parties' Purchase Agreement. County Trust pleaded a counterclaim against UBS alleging breach of a so-called Volume Incentive Agreement (the "VIA"), under which UBS would pay County Trust a rebate based on the monthly volume of mortgage loans that UBS purchased from County Trust.

      UBS believes that Chomat's deposition testimony would support UBS's defenses to the counterclaim and possibly warrant dismissal of the counterclaim on summary judgment. On February 12, 2008, UBS noticed the deposition of County Trust, by Chomat, for February 21.

      On February 20, at approximately 4:00 p.m., Donald Harwood ("Harwood"), counsel for County Trust, informed us by phone that Chomat would neither

MILLER & WRUBEL P.C.

Hon. Shira A. Scheindlin
February 22, 2008
Page 2

appear for the deposition nor request an adjournment. Harwood confirmed the substance of this conversation in a subsequent e-mail.

Chomat's failure to attend his deposition or propose an adjourned date violates County Trust's responsibility to satisfy its discovery obligations in good faith. Further, Chomat's refusal to attend a deposition deprives UBS of a crucial opportunity to develop its defenses to County Trust's counterclaim.

For these reasons, we respectfully request that the Court enter an order pursuant to Federal Rules of Civil Procedure 37(b)(2)(B) and 37(d) precluding County Trust from producing any additional evidence, in any form, supporting its counterclaim or opposing any defense raised by UBS to the counterclaim.

Respectfully submitted,

*Jeremy Sher*

Jeremy M. Sher

cc: Jay B. Itkowitz, Esq. (by facsimile (212-822-1402))
    Joel M. Miller, Esq.

*Plaintiff's request is granted. County Trust is hereby precluded from producing any additional evidence supporting its counterclaim or opposing any defense raised by plaintiff to the counterclaim.*

*Date: Feb. 29, 2008*

*SO ORDERED:*

*Shira A Scheindlin, USDJ*