UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

UBS REAL ESTATE SECURITIES,
INC.,

               Plaintiff,

   -against-

COUNTRY TRUST MORTGAGE
BANKERS CORP.,

               Defendant.
------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/7/08
```

ORDER

07 Civ. 3700 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

      By motion dated February 8, 2008, plaintiff UBS Real Estate Securities, Inc. ("UBS") moved for partial summary judgment in the above-captioned action on the issue of defendant Country Trust Mortgage Bankers Corp.'s ("County Trust") liability. Country Trust was directed to file and serve any opposition papers to UBS's motion by February 25, 2008. To date, Country Trust has failed to oppose UBS's motion or dispute any material facts contained in UBS's Local Rule 56.1 Statement of Undisputed Material Facts. Country Trust has also represented to the Court that it does not intend to oppose UBS's motion.

      When the non-moving party "'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if

it has met its burden of demonstrating that no material issue of fact remains for trial."[1]  If the movant does not meet its burden of production, then the court must deny summary judgment even if the non-movant does not oppose the motion.[2] Moreover, the court may not rely solely on the movant's statement of undisputed facts contained in its Rule 56.1 statement.[3]  The court must be satisfied that the movant's assertions are supported by the evidence in the record.[4]

The Court has reviewed UBS's motion for partial summary judgment, its statement of undisputed material facts, and the record, and is satisfied that UBS has met its burden of demonstrating that no material issue of fact as to liability remains for trial.  As a result, UBS's motion for partial summary judgment on the issue of County Trust's liability is granted.  The Clerk of the Court is directed to close the motion [Document No. 28].  The matter is hereby referred to Magistrate

---

[1]   *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (quoting *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001)).

[2]   *Id.* (citing *Amaker*, 274 F.3d at 681).

[3]   *See id.*

[4]   *See id.* (citing *Giannullo v. City of NY*, 322 F.3d 139, 140 (2d Cir. 2003)).

Judge Gorenstein to conduct an inquest on damages.

                                        SO ORDERED:

                                        /s/ Shira A. Scheindlin
                                        Shira A. Scheindlin
                                        U.S.D.J.

Dated:   New York, New York
         March 7, 2008

- **Appearances** -

**For Plaintiff**:

Joel M. Miller, Esq.
Charles R. Jacob, III, Esq.
Jeremy M. Sher, Esq.
Miller & Wrubel, P.C.
250 Park Avenue
New York, NY 10177
(212) 336-3500
Fax: (212) 336-3555

**For Defendant**:

Jay B. Itkowitz, Esq.
Itkowitz & Harwood
305 Broadway, 7th Floor
New York, NY 10007
(212) 822-1400
Fax: (212) 822-1402