UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES,<br><br>Plaintiff,<br><br>– against –<br><br>COUNTY TRUST MORTGAGE BANKERS CORP.,<br><br>Defendant. | Case No. 07 Civ. 3700 (SAS) (GWG)<br><br>ECF Case |

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFF'S MOTION**
**FOR SUMMARY JUDGMENT AS TO DAMAGES**

MILLER & WRUBEL P. C.

250 PARK AVENUE

NEW YORK, NEW YORK 10177-0699

(212) 336-3500

**Attorneys for**

Plaintiff UBS Real Estate Securities Inc.

Plaintiff UBS Real Estate Securities Inc. ("UBS") respectfully submits this Memorandum of Law in support of its motion for summary judgment as to damages on its First Cause of Action in favor of UBS and against defendant County Trust Mortgage Bankers Corp. ("County Trust") in the amount of $792,383.51.

**Statement of Facts**

By Order dated March 7, 2008, Judge Scheindlin granted UBS's motion for partial summary judgment on its First Cause of Action and found County Trust liable for breaching its obligation to repurchase from UBS five mortgage loans (the "EPD Mortgage Loans") at a contractual Repurchase Price, as defined in the parties' Purchase Agreement. (Declaration of Christopher G. Schmidt ("Schmidt Decl.") ¶¶ 2-3; Declaration of Jeremy M. Sher ("Sher Decl.") ¶¶ 4, 6; Docket # 30.)

This Court has jurisdiction to order the entry of final judgment in this action pursuant to Judge Scheindlin's Order of Reference, dated May 12, 2008, and the parties' consent. (Sher Decl. ¶ 11; Docket # 35.) The only issue left for this Court to decide is the amount of UBS's damages arising from County Trust's breach of its obligation to repurchase the EPD Mortgage Loans.

UBS's breach of contract damages consist of the Repurchase Price for each EPD Mortgage Loan less the actual or estimated proceeds that UBS has realized or will realize from selling or liquidating those EPD Mortgage Loans. (Schmidt Decl. ¶ 6.)

UBS sold two of the EPD Mortgage Loans (identified by UBS Loan ID numbers 777021609 and 777013706) in good faith, commercially reasonable loan sales. UBS realized damages of $294,714.43 due to County Trust's failure to repurchase these EPD Mortgage Loans at the Repurchase Price. (Id. ¶¶ 11, 20; Ex. A to Schmidt Decl.)

UBS foreclosed upon the properties securing the other three EPD Mortgage Loans (identified by UBS Loan ID numbers 334582213, 335338992, and 335338990). (Schmidt Decl. ¶ 12.) UBS sold the property securing the EPD Mortgage Loan identified by UBS Loan ID number 334582213 in a good faith, commercially reasonable sale. UBS realized damages of $189,004.32 due to County Trust's failure to repurchase this EPD Mortgage Loan at the Repurchase Price. (Id. ¶¶ 13, 20; Ex. A to Schmidt Decl.)

Due to unfavorable market conditions, UBS has not been able to obtain a reasonable price for the other two foreclosed properties (the "Foreclosed Properties"), which remain unsold. (Schmidt Decl. ¶ 14.) UBS has provided reasonable estimates of the foreclosure sale prices of the Foreclosed Properties. (Id. ¶¶ 15-19.) Based on these estimates, UBS will realize damages of $308,664.76 due to County Trust's failure to repurchase these two EPD Mortgage Loans at the Repurchase Price. (Id. ¶ 20; Ex. A to Schmidt Decl.)

The aggregate of UBS's damages arising from County Trust's failure to repurchase the EPD Mortgage Loans at the Repurchase Price is $792,383.51, no part of which has been paid. (Schmidt Decl. ¶¶ 21-22; Ex. A to Schmidt Decl.)

## Argument

## UBS IS ENTITLED TO JUDGMENT IN THE AMOUNT OF $792,383.51

UBS is entitled to an award of damages that would put it in the same economic position as if County Trust had repurchased the EPD Mortgage Loans at the Repurchase Price. See Boyce v. Soundview Tech. Group, Inc., 464 F.3d 376, 391 (2d Cir. 2006). Thus, UBS's damages should equal the aggregate Repurchase Price of the EPD Mortgage Loans less any amounts UBS has recouped or reasonably expects to

recoup through mitigation. See Scientific Components Corp. v. ISIS Surface Mounting, Inc., 539 F. Supp. 2d 653, 662-63 (E.D.N.Y. 2008); Rosensaft v. Ashton Tech. Group, Inc., No. 97 Civ. 3138 (SAS), 1998 WL 101959, at *2 (S.D.N.Y. Mar. 5, 1998). To establish its damages, UBS "need only show a stable foundation for a reasonable estimate of the damage incurred as a result of [County Trust's] breach." Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc., 487 F.3d 89, 110 (2d Cir. 2007) (quoting Contemporary Mission, Inc. v. Famous Music Corp., 557 F.2d 918, 926 (2d Cir. 1977)) (internal quotation marks omitted).

UBS has submitted proof its damages in the Declaration of Christopher G. Schmidt, a UBS Executive Director (the "Schmidt Declaration"), and the Damages Spreadsheet attached thereto as Exhibit A. As described in the Schmidt Declaration, UBS's damages are based on the calculation of the Repurchase Price of each EPD Mortgage Loan less the amounts UBS has recouped or expects to recoup through the sale or liquidation of each EPD Mortgage Loan. (Schmidt Decl. ¶ 6.)

UBS has realized actual damages on the two EPD Mortgage Loans it sold to non-parties. (Id. ¶¶ 11, 20; Ex. A to Schmidt Decl.) UBS has calculated its estimated recovery and damages on its sale of the Foreclosed Properties by taking 75% of recent broker price opinion sale prices for these Properties, in accordance with industry practice. (Schmidt Decl. ¶¶ 14-19; Ex. A to Schmidt Decl.) Based on UBS's realized and reasonably estimated damages, UBS's damages arising from County Trust's failure to repurchase the EPD Mortgage Loans at the Repurchase Price total $792,383.51. (Schmidt Decl. ¶ 20; Ex. A. to Schmidt Decl.)

**Conclusion**

For the foregoing reasons, UBS respectfully requests that the Court enter judgment on UBS's First Cause of Action in favor of UBS and against County Trust in the amount of $792,383.51.

Dated: August 8, 2008

MILLER & WRUBEL P.C.

By: /s/ Jeremy M. Sher

Joel M. Miller
Charles R. Jacob III
Jeremy M. Sher
250 Park Avenue
New York, New York 10177-0699
(212) 336-3500

*Attorneys for Plaintiff*
*UBS Real Estate Securities Inc.*