UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC., | Case No.: 07 Civ. 3700 (SAS) (GWG) |
| Plaintiff, | ECF Case |
| -against- | **DECLARATION OF JEREMY M. SHER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES** |
| COUNTY TRUST MORTGAGE BANKERS CORP., | |
| Defendant. | |

JEREMY M. SHER hereby declares, under penalty of perjury:

1. I am a member of the Bar of this Court and the firm of Miller & Wrubel P.C., attorneys for plaintiff UBS Real Estate Securities Inc. ("UBS") in this action. I am familiar with the facts and circumstances of this action set forth herein.

2. I submit this declaration in support of UBS's motion for summary judgment as to damages in the amount of $792,383.51 against defendant County Trust Mortgage Bankers Corp. ("County Trust").

## Procedural History

3. UBS commenced this action on May 10, 2007 by filing the Complaint. (Docket # 1.) A copy of the Complaint is attached hereto as Exhibit A.

4. On February 8, 2008, UBS moved the Court (Scheindlin, J.) for partial summary judgment as to liability on UBS's First Cause of Action, alleging County Trust's breach of its contractual obligation to repurchase five mortgage loans (the "EPD Mortgage Loans") from UBS.[1] UBS withdrew its claims as to the remaining mortgage

---

[1] UBS filed this motion under seal because it contained confidential borrower information.

loans listed on Exhibit A to the Complaint and as to its Second and Third Causes of Action.

5. County Trust did not oppose UBS's motion for partial summary judgment as to liability.

6. By Order dated March 7, 2008, Judge Scheindlin granted UBS's motion for partial summary judgment as to County Trust's liability for breaching its obligation to repurchase the EPD Mortgage Loans. (Docket # 30.)

7. By Order of Reference to a Magistrate Judge dated March 7, 2008, Judge Scheindlin referred the matter to this Court to conduct an inquest on damages. (Docket # 31.)

8. By Order to Show Cause dated March 12, 2008, Judge Scheindlin ordered County Trust "to show cause as to why the Court should not enter an Order granting plaintiff UBS Real Estate Securities, Inc. damages in an amount to be determined at a hearing before the Court. County Trust must show cause by March 19, 2008." (Docket # 32.)

9. County Trust failed to respond to the Order to Show Cause.

10. By Order dated April 1, 2008, following a hearing, Judge Scheindlin dismissed County Trust's counterclaim against UBS for failure to prosecute. (Docket # 33.)

11. By Order dated May 12, 2008, Judge Scheindlin referred this case to this Court for the purpose of ordering the entry of final judgment against County Trust. The parties consented to this Court's jurisdiction. (Docket # 35.)

### UBS's Breach of Contract Claim

12.     The relevant factual allegations of the Complaint relevant to this motion are summarized below.  The amount of UBS's damages is addressed in the accompanying Declaration of Christopher G. Schmidt (the "Schmidt Declaration").

13.     UBS and County Trust entered into a Master Mortgage Loan Sale Agreement dated as of January 30, 2005 (the "Purchase Agreement").  (Compl. ¶ 6.)  Relevant excerpts of the Purchase Agreement are attached hereto as Exhibit B.

14.     In the Purchase Agreement, County Trust contracted to sell to UBS certain residential Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement.  (Compl. ¶ 7.)

15.     Pursuant to § 3.3 of the Purchase Agreement, entitled "Repurchase and Substitution," County Trust agreed to repurchase Mortgage Loans from UBS, at UBS's option, in the event of certain delinquencies (as set forth below) at a liquidated Repurchase Price.  Section 3.3(d) of the Purchase Agreement provides as follows:

> At the option of Purchaser [UBS], Seller [County Trust] shall repurchase any Mortgage Loan sold to Purchaser for which one of the first three scheduled Monthly Payments due to the Purchaser becomes delinquent (each, a "Delinquent Loan") or, provided that, in lieu of repurchase of a Delinquent Loan by Seller at Purchaser's request, Purchaser and Seller may mutually agree upon terms with regard to the indemnification of Purchaser by Seller for any and all costs, expenses, losses, etc. relating to a Delinquent Loan . . . . Such repurchase will be made at the Repurchase Price [as defined].

(Compl. ¶ 8.)

16. Pursuant to § 3.3(d) of the Purchase Agreement, UBS requested that County Trust repurchase certain Delinquent Loans, including the EPD Mortgage Loans. (Compl. ¶ 11.)

17. Despite UBS's requests for repurchase, County Trust failed to repurchase the EPD Mortgage Loans from UBS. (Compl. ¶ 14.)

18. Pursuant to Judge Scheindlin's Order granting UBS's motion for partial summary judgment as to liability, County Trust is liable for breaching its obligation to repurchase the EPD Mortgage Loans from UBS.

### UBS's Damages

19. As described in the Schmidt Declaration, the damages UBS seeks arise entirely from County Trust's breach of its obligations under the Purchase Agreement and can be readily determined by reference to the Purchase Agreement, the liquidated Repurchase Price of each EPD Mortgage Loan, and the actual or estimated amounts UBS has realized or will realize from selling or liquidating the EPD Mortgage Loans. (Schmidt Decl. ¶¶ 2-20.)

20. As described in the Schmidt Declaration, UBS has incurred damages arising from County Trust's failure to repurchase the EPD Mortgage Loans in the amount of $792,383.51. (Schmidt Decl. ¶¶ 20-21.)

21. Accordingly, UBS requests that the Court award UBS damages in favor of UBS and against County Trust in the amount of $792,383.51.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 8th day of August, 2008

*/s/ Jeremy Sher*
JEREMY M. SHER