Joel M. Miller
Charles R. Jacob III
Jeremy M. Sher
MILLER & WRUBEL P.C.
250 Park Avenue
New York, New York 10177
(212) 336-3500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UBS REAL ESTATE SECURITIES INC., <br><br> Plaintiff, <br><br> -against- <br><br> COUNTY TRUST MORTGAGE BANKERS CORP., <br><br> Defendant. | Case No.: 07 Civ. 3700 (SAS) (GWG) <br><br> ECF Case <br><br> **RULE 56.1 STATEMENT IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DAMAGES** |

        Plaintiff UBS Real Estate Securities Inc. ("UBS") submits this Statement pursuant to Local Civil Rule 56.1(a) in support of UBS's motion for summary judgment as to damages against defendant County Trust Mortgage Bankers Corp. ("County Trust") in the amount of $792,383.51.

**County Trust Breached the Purchase Agreement**

        1.     On or about January 30, 2005, UBS and County Trust entered into the Purchase Agreement, whereby County Trust agreed to sell, and UBS agreed to purchase, from time to time, certain mortgage loans pursuant to the Purchase Agreement's terms. (Declaration of Christopher G. Schmidt ("Schmidt Decl.") ¶ 2.)

        2.     Pursuant to § 3.3(d) of the Purchase Agreement, County Trust agreed to repurchase from UBS, at the contractually specified "Repurchase Price," any

mortgage loan purchased by UBS that experienced an early payment default ("EPD"). (Id. ¶ 3.)

3. County Trust breached its obligation to repurchase nine mortgage loans that UBS had purchased from County Trust and which experienced EPDs. (Id. ¶ 4.)

**Judge Scheindlin Granted Partial Summary**
**Judgment on the Issue of County Trust's Liability**

4. By Order dated March 7, 2008, Judge Scheindlin granted UBS's motion for partial summary judgment as to County Trust's liability on UBS's First Cause of Action, alleging County Trust's breach of its contractual obligation to repurchase five of the nine mortgage loans that experienced EPDs (such five loans, the "EPD Mortgage Loans"). (Declaration of Jeremy M. Sher ("Sher Decl.") ¶¶ 4, 6; Docket # 30.)

5. By Order dated May 12, 2008, Judge Scheindlin referred this case to this Court for the purpose of ordering the entry of final judgment against County Trust. The parties consented to this Court's jurisdiction. (Sher Decl. ¶ 11; Docket # 35.)

**UBS's Damages**

6. UBS's damages consist of the contractual Repurchase Price, as defined in the Purchase Agreement, for each EPD Mortgage Loan, less the actual or estimated proceeds that UBS has realized or will realize from selling or liquidating those EPD Mortgage Loans. (Schmidt Decl. ¶ 6.)

7. For each EPD Mortgage Loan, the Repurchase Price is equal to the sum of (a) the unpaid principal balance of the loan, (b) accrued interest, (c) expenses advanced with respect to the loan, and (d) the "premium" (or amount over par) that UBS paid County Trust with respect to the loan. (Id. ¶ 7.)

8. The Excel spreadsheet attached as Exhibit A to the Schmidt Declaration shows UBS's calculation of the Repurchase Price of each EPD Mortgage Loan and the actual or estimated proceeds that have been or will be realized from UBS's sale or liquidation of each EPD Mortgage Loan. (Id. ¶¶ 8-10; Ex. A to Schmidt Decl.)

9. UBS sold two of the EPD Mortgage Loans (identified by UBS Loan ID numbers 777021609 and 777013706) in good faith, commercially reasonable loan sales. UBS's damages arising from County Trust's failure to repurchase these EPD Mortgage Loans at the Repurchase Price total $294,714.43. (Schmidt Decl. ¶¶ 11, 20; Ex. A to Schmidt Decl.)

10. UBS foreclosed upon the properties securing the other three EPD Mortgage Loans (identified by UBS Loan ID numbers 334582213, 335338992, and 335338990). (Schmidt Decl. ¶ 12.)

11. UBS sold the property securing the EPD Mortgage Loan identified by UBS Loan ID number 334582213 in a good faith, commercially reasonable sale. UBS's damages arising from County Trust's failure to repurchase this EPD Mortgage Loan at the Repurchase Price total $189,004.32. (Id. ¶¶ 13, 20; Ex. A to Schmidt Decl.)

12. UBS has attempted to sell the two other foreclosed properties (the "Foreclosed Properties"). Due to unfavorable market conditions, UBS has not been able to obtain a reasonable sale price for the Foreclosed Properties, which remain unsold. Thus, UBS estimated the sale prices of the Foreclosed Properties using amounts equal to 75% of the probable sale prices given in recent broker price opinions ("BPOs") for the Foreclosed Properties. It is the routine practice in the mortgage industry to estimate a property's foreclosure sale price as an amount equal to 75% of the property's BPO sale

price.  UBS's damages arising from County Trust's failure to purchase these two loans at the Repurchase Price total $308,664.76.  (Schmidt Decl. ¶¶ 14-20; Ex. A to Schmidt Decl.)

13. The aggregate of UBS's damages arising from County Trust's breach of the Purchase Agreement is $792,383.51.  (Schmidt Decl. ¶ 21; Ex. A to Schmidt Decl.)

14. No part of the requested judgment has been paid.  (Schmidt Decl. ¶ 22.)

Dated: August 8, 2008

                          MILLER & WRUBEL P.C.

                By:    /s/ Jeremy M. Sher
                        Joel M. Miller
                        Charles R. Jacob III
                        Jeremy M. Sher
                        250 Park Avenue
                        New York, New York 10177
                        (212) 336-3500

                        *Attorneys for Plaintiff*
                        *UBS Real Estate Securities Inc.*