UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UBS REAL ESTATE SECURITIES,                  :

              Plaintiff,            :           07 Civ. 3700 (GWG)

 -against-                                                  :           OPINION AND ORDER

COUNTY TRUST MORTGAGE BANKERS,      :

              Defendant.          :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge:**

     Defendant Country Trust Mortgage Bankers ("Country Trust") entered into a purchase agreement with plaintiff UBS Real Estate Securities Inc. ("UBS") under which County Trust contracted to sell UBS residential mortgage loans. Under the purchase agreement, UBS has the right to make County Trust repurchase loans that become delinquent within three scheduled monthly payments. The parties have consented to having this case decided by a United States Magistrate Judge.

     On March 7, 2008, an order was issued granting UBS's Motion for Summary Judgment as to Liability. See Order, filed Mar. 7, 2008 (Docket # 30). On August 8, 2008, UBS filed a motion for summary judgment on the issue of damages. See Notice of Plaintiff's Motion for Summary Judgment as to Damages, filed Aug. 8, 2008 (Docket # 36); Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment as to Damages, filed Aug. 8, 2008 (Docket # 37); Declaration of Christopher G. Schmidt, filed Aug. 8, 2008 (Docket # 38) ("Schmidt Decl."); Declaration of Jeremy M. Sher, filed Aug. 8, 2008 (Docket # 39); Rule 56.1 Statement in Support of Plaintiff's Motion for Summary Judgment as to Damages, filed Aug. 8, 2008 (Docket # 40). County Trust has not opposed this motion.

     Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Because County Trust has not opposed UBS's motion, the facts alleged in UBS's Rule 56.1 Statement are deemed admitted insofar as they are supported by citations to evidence in the record. See Local Civil Rule 56.1(c); Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 242 (2d Cir. 2004).

     UBS has submitted a declaration reflecting that nine loans purchased from County Trust experienced early payment defaults, triggering the repurchase obligation under the purchase agreement. See Schmidt Decl. ¶ 4. After County Trust failed to honor its obligation, UBS was able to re-sell or otherwise fully mitigate the value of four of these loans, and thus this action relates only to the remaining five loans. See id. at ¶ 5.

Two of these five loans, identified as UBS Loan ID numbers 777021609 and 777013706, were re-sold at a loss of $294,714.43. See id. at ¶¶ 11, 20. The property underlying the third loan, identified as UBS Loan ID number 334582213, was foreclosed by UBS and sold at a loss of $189,004.32. See id. at ¶¶ 13, 20. The properties underlying the two remaining loans, identified as UBS Loan ID numbers 335338992 and 335338990, were also foreclosed but UBS was unable to resell them. See id. at ¶¶ 12, 14. For these two properties, UBS is claiming damages of $308,664.76. See id. at ¶ 20. To calculate these damages, these properties were estimated to be worth 75% of a recent broker price opinion, which UBS states is a figure routinely used to value post-foreclosure property. See id. at ¶¶ 15-18. The aggregate of these five losses is $792,383.51. See id. at ¶ 21.

UBS is entitled to be placed in the same position as it would have been had County Trust honored its obligations under the purchase agreement. See Boyce v. Soundview, 464 F.3d 376, 391 (2d Cir. 2006). Accordingly, UBS has suffered damages in the amount of $792,383.51.

Conclusion

The Clerk is requested to enter judgment in favor of UBS and against County Trust in the amount of $792,383.51. The case is to be closed and all pending motions marked as moot.

SO ORDERED.

Dated: October 8, 2008
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge